AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Eric Bowannie<br>YOB 1997<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  MJ 24-962 BPB<br>)<br>)<br>)<br>) |

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __07/07/2024__ in the county of __Mckinley__ in the _____ District of __New Mexico__ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1153, 111<br>Title 18, United States Code, Section 1153, 113(a)(3)<br>Title 18, United States Code, Section 924(c)(1)(A)(iii) | Assault on a Federal Officer<br>Assault with a Dangerous Weapon with Intent to do Bodily Harm<br>Using, Carrying, and Brandishing a Firearm During and in Relation to Crime of Violence (Discharge) |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Eli Grady, Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: 07/07/2024

*Judge's signature*

City and state:  Albuquerque, New Mexico    Hon. B. Paul Briones, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

1.  I, Eli Grady, Special Agent of the Federal Bureau of Investigation, being duly sworn, depose and state:

### INTRODUCTION AND AGENT BACKGROUND

2.  I make this Affidavit in support of a Criminal Complaint and arrest warrant for Eric Daniel BOWANNIE (hereinafter "BOWANNIE"), year of birth 1997, for one count of assault on a federal officer, in violation of 18 U.S.C. § 111, one count of violation of 18 U.S.C. §§ 1153 and 113(a)(3), Assault with a dangerous weapon with intent to do bodily harm in Indian Country, and one count of 924(c)(1)(A)(iii), Using, carrying, or possessing a firearm during and in relation to a crime of violence.

3.  I am a Special Agent with the FBI and have been so employed since July 2018. I am currently assigned to the Albuquerque Field Office, Gallup Resident Agency. My primary duties as a Special Agent with the FBI include investigating crimes occurring in Indian Country. I have gained experience in the conduct of such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, state, tribal, and federal law enforcement agencies. As a Federal Agent, I am authorized to investigate violations of the laws of the United States and have authority to execute criminal complaints and search warrants issued under the authority of the United States.

4.  The information set forth in this affidavit was derived from my own investigations and/or communicated to be by other employees of the FBI, other law enforcement agencies, and from records and documents that I, and others have reviewed. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to demonstrate probable cause for the issue of an arrest warrant.

1

## CRIMINAL HISTORY

5. Based on my review of New Mexico Court records, law enforcement databases, and discussions with other law enforcement officials, I understand that BOWANNIE is a facing the following charges within Bernalillo County, New Mexico for the following offenses:

    a. D-202-CR-202300218: (1) Aggravated Battery Against a Household Member (Strangulation or Suffocation);

    b. D-202-CR-202300218: (2) Aggravated Battery Against a Household Member (Strangulation or Suffocation);

    c. D-202-CR-202300218: (3) Aggravated Battery Against a Household Member (Strangulation or Suffocation);

    d. D-202-CR-202300218: False Imprisonment; and

    e. D-202-CR-202300218: Criminal Damage to the Property of a Household Member (Over $1,000).

6. Based on BOWANNIE'S own admissions, which are described herein, I believe that BOWANNIE was aware of his status as a prohibited possessor of firearms at the time of the relevant events below.

## SUMMARY OF PROBABLE CAUSE

7. On July 06, 2024, at approximately 11:40pm, SA Michael Cordova of the FBI Gallup Resident Agency received a phone call from the Albuquerque FBI Operations Center stating that a family disturbance had occurred and was ongoing at 58 M. Solomon Road, Zuni, New Mexico 87327 resulting in a male subject barricading themselves inside the residence and firing upon Zuni Police Department officers located outside of the home. He was given the phone number of an officer present at the residence, later identified as Sergeant Jeffery LAHI, who described the

subject as BOWANNIE. Sergeant LAHI stated that while responding to BOWANNIE'S residence, BOWANNIE charged Sergeant LAHI with an ax and retrieved a shotgun from a nearby bedroom and began shooting at the officers.

8. SA's Michael Cordova and Justin Keck responded to the aforementioned address where they were briefed by Zuni Police Chief, Joh Dodd, that officers were outside the home and were taking gun fire from BOWANNIE, who was inside the residence. SA Cordova and SA Keck met with Sergeant Lahi outside of the residence. Zuni Police Officers were continuing to take gun fire from BOWANNIE as SA Cordova and SA Keck approached. SA Cordova and SA Keck identified themselves as Special Agents with the FBI and gave verbal commands for BOWANNIE to exit the residence with his hands up. BOWANNIE made statements requesting Agents bring his girlfriend to the house. When that request was denied, BOWANNIE began shooting towards SA Cordova and SA Keck.

9. BOWANNIE continued refusing to comply with law enforcement commands. BOWANNIE could be seen going back and forth from the front door and one of the front facing windows of the residence. BOWANNIE would shoot several rounds before moving. BOWANNIE also went to the back of the residence where rear perimeter officers could see BOWANNIE holding a rifle.

10. BOWANNIE, at some point, crawled out of the back of residence and was observed approximately a quarter mile from the residence attempting to flee the area by local law enforcement. BOWANNIE was given commands to surrender and complied.

11. A consent search was conducted of the house and around the outdoor area of the property. A total of fifty-seven (57) .22 caliber casings were collected, and five (5) spent shotgun shells were recovered both inside and outside of the home.

## BOWANNIE'S STATEMENT

12. In a post-*Miranda* statement, BOWANNIE admitted he was not supposed to be in possession of a firearm.

13. BOWANNIE was sitting outside his residence, 58 M. Solomon Road, Zuni, New Mexico, with his girlfriend attempting to fix her vehicle. BOWANNIE's father, E.B. came out of the residence telling BOWANNIE, "stop this and stop that". E.B. was getting mad at BOWANNIE and told BOWANNIE to leave or he would call the police.

14. E.B. came up behind BOWANNIE and said, "Do you want to fight?". BOWANNIE replied, "Bro just back away we are leaving. If you come any closer, I am going to hit you". BOWANNIE began hitting E.B. and E.B. said he was going to kill BOWANNIE.

15. E.B. was laying on floor saying please stop. BOWANNIE said, "Alright I'm done" and went inside the residence to get a change of clothes.

16. At this point Zuni PD had responded to the residence and BOWANNIE hid in a bedroom while police looked for him. Police did a sweep of the residence and located BOWANNIE behind a closed door. BOWANNIE grabbed and swung an ax at the door. Police were calling him out of the room, but BOWANNIE refused. BOWANNIE pushed through a wall to the adjoining room where BOWANNIE knew the firearms were located.

17. BOWANNIE grabbed a shotgun and a .22 Rifle. BOWANNIE checked and saw a shotgun shell was already in the shotgun. BOWANNIE pumped the shotgun and warned the police officers BOWANNIE was armed. The police did not believe him, so BOWANNIE fired the shotgun.

18. BOWANNIE's plan the whole time was to commit suicide by cop, but his "baby mama" called BOWANNIE crying for him not to do that, which calmed BOWANNIE down. BOWANNIE admitted only his "baby mama" and girlfriend could talk him down.

19. BOWANNIE stated after fleeing from the residence undetected by law enforcement he was going to go to his girlfriend's house. BOWANNIE saw a law enforcement officer and was going to shoot at him. BOWANNIE admitted to raising the gun at the police officer, but ultimately decided not to do it. At this time BOWANNIE dropped the firearm and complied with commands to surrender.

20. BOWANNIE was aware of active felony arrest warrants for him out of Bernalillo County.

21. BOWANNIE stated most of his shots that he fired with the rifle were at the television, and the shotgun shells were out the window and front door.

22. BOWANNIE knew since he was not supposed to have a firearm he wanted to, "go out blaze of glory kind of shit" and "Fuck it I am done. I am not going back to jail". BOWANNIE was going to go out the front door and start shooting at law enforcement until his "baby mama" talked him down.

23. BOWANNIE admitted "so many other times I pointed the firearm towards you guys (FBI) and shot off rounds", wondering when the FBI or police would shoot back, but nobody did.

24. BOWANNIE was sitting by the front door for a period of time with a shotgun if law enforcement entered the residence BOWANNIE would shoot.

25. BOWANNIE microwaved food at some point during the standoff believing it was going to be his last meal.

26. The location of the incident is within the exterior boundaries of the Zuni Pueblo, Indian Country.

27. Upon information and belief, BOWANNIE is an enrolled member of the Zuni Nation and an Indian for purposes of federal law.

## CONCLUSION

28. Based on the forgoing, there is probable cause to believe that BOWANNIE violated 18 U.S.C. § 111, assault of a federal officer, 18 U.S.C. §§ 1153 and 113(a)(3), Assault with a dangerous weapon with intent to do bodily harm in Indian Country, and one count of 924(c)(1)(A)(iii), Using, carrying, or possessing a firearm during and in relation to a crime of violence. Your Affiant respectfully request this Court issue an Arrest Warrant for BOWANNIE.

29. I swear that this information is true and correct to the best of my knowledge, information, and belief.

30. This complaint was reviewed and approved by Supervisory Assistant United States Attorney Elisa Dimas.

Respectfully submitted,

Eli Grady
FBI Special Agent

Subscribed and sworn to telephonically and submitted electronically on July 07, 2024:

THE HONORABLE B. PAUL BRIONES
UNITED STATES MAGISTRATE JUDGE